# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

VIRGINIA CORDOVA-BALDONADO,

    Plaintiff,

vs.                                                               No. CIV 99-0147 JC/JHG

ULTRAMAR DIAMOND SHAMROCK
CORPORATION, a/k/a DIAMOND SHAMROCK
CORPORATION, a/k/a DIAMOND SHAMROCK
STATIONS, INC., a/k/a DIAMOND SHAMROCK
REFINING AND MARKETING, INC.,

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon Defendant's Motion to Dismiss *(Doc. 6)*, filed May 20, 1999. Defendant moves the Court to dismiss this matter on two grounds. First, Defendant contends that *res judicata* bars Plaintiff's pursuit of her employment discrimination claims in federal court. Second, Defendant argues, in the alternative, that this Court lacks jurisdiction over this matter because Plaintiff's sole remedy lies with the American Arbitration Association (AAA).

**A.**    **Background**

Defendant has in place an arbitration agreement called the Dialogue Dispute Resolution Plan (Plan) which requires arbitration of all employee disputes. "Proceedings under the Plan shall be the exclusive, final and binding method by which Disputes are resolved." ¶ 10 of Plan (attached as Ex. 2 to Aff. of James T. McNutt, Jr., filed May 20, 1999). Employment or continued employment constitutes consent by the employee and Defendant to be bound by the Plan. ¶ 15 of Plan. As

consideration for the consent of the employee to participate in the Plan, Defendant established the Dialogue Legal Consultation Plan. *Id.* According to Defendant, the Dialogue Legal Consultation Plan provides that if an employee desires to hire an attorney to represent him or her at an arbitration proceeding, Defendant will pay for a portion of the attorney's consultation fee, up to an annual maximum amount of $750. Reply Mem. Br. in support of Def.'s Mot. to Dismiss at 4 (filed May 20, 1999). The arbitration agreement further states that "[a]ny court with jurisdiction over the Parties may compel a Party to proceed under these Rules at any place and may enforce any award made." ¶ 30(C) of Diamond Shamrock Dialogue Dispute Resolution Rules for Arbitration (Rules) (attached as Ex. 2 to Aff. of James T. McNutt, Jr., filed May 20, 1999). Moreover, commencing a lawsuit does not constitute a waiver of the right to proceed under the arbitration agreement. ¶ 30(D) of Rules.

For an employee to initiate the arbitration process, the employee must pay a $50 processing fee. ¶ 31(C) of Rules. Employees are also responsible for the expenses of witnesses and attorney fees, except that the employee is not responsible for the cost of producing proof requested at the direction of the arbitrator. ¶ 31(A), (B), and (C) of Rules. If an employee chooses not to have an attorney, Defendant will likewise not be represented by legal counsel. ¶ 11 of Rules.

In September 1997, Plaintiff's attorney initiated arbitration proceedings under the arbitration agreement and asked for an arbitration to be held in Albuquerque, New Mexico. The following summer, Plaintiff paid the $50 processing fee. An arbitrator was chosen on September 4, 1998. On September 28, 1998, a management conference was held with the arbitrator, counsel, and the AAA case manager. At that conference, it was agreed that December 1, 1998 would be the deadline for exchanging preliminary position papers and that February 23 to 25, 1999 would be the arbitration

hearing dates. Defendant submitted its preliminary position paper as agreed upon. Plaintiff failed to submit a preliminary position paper. On January 6, 1998, Plaintiff's attorney through his assistant informed the AAA case manager and Defendant's counsel that Plaintiff did not wish to proceed with her case against Defendant. Thereafter, the AAA closed its file. Defendant spent $6,500 on the arbitration proceedings ($5,000.00 in attorney fees and a non-refundable arbitration fee of $1,500).

Plaintiff states that she and two other employees initially wanted to proceed with arbitration as a group in order to save attorney fees and the costs of the arbitration proceeding. Defendant apparently filed the papers necessary to request an arbitration for all three of the employees. However, at the management conference, Defendant allegedly stated that it objected to hearing all three employees at once. The other employees dropped their arbitration requests because of the added costs of proceeding individually. Plaintiff, preferring a jury trial, decided to also withdraw her arbitration request and proceed with a federal lawsuit once she received her right to sue letter after November 19, 1998. Defendant did not object to Plaintiff's withdrawal of her request for arbitration at any time immediately following the withdrawal of the arbitration case or during the Title VII administrative proceedings.

**B.** *Res Judicata*

Defendant argues first that the doctrine of *res judicata* requires dismissal of this cause. *Res judicata* precludes suit "'if parties to the two separate actions are the same or in privity, the two causes of action are substantially the same, and there has been a final decision adjudicated on the merits in the first suit.'" *In re Griego*, 64 F.3d 580, 584 (10th Cir. 1995) (quoting *Johnson v. Aztec Well Servicing Co.*, 117 N.M. 697, 699-700, 875 P.2d 1128, 1130-31 (Ct. App. 1994)). The issue

in this case is whether Plaintiff's decision to withdraw her arbitration case against Defendant is a "final decision" on the merits. Prior arbitration decisions are given preclusive effect in Title VII cases if the arbitration agreements are not part of a collective bargaining agreement. *See Harrison v. Eddy Potash, Inc.,* 112 F.3d 1437, 1453-54 (10th Cir. 1997), *cert. granted and judgment vacated on other grounds*, 118 S. Ct. 2364 (1998). That is the case in this situation. Additionally, Plaintiff's voluntary withdrawal of her arbitration case is analogous to a voluntary dismissal. "[A] voluntary dismissal with prejudice is ordinarily deemed a final judgment that satisfies the *res judicata* criterion." *United States v. Cunan*, 156 F.3d 110, 114 (1st Cir. 1998). However, voluntary dismissals are generally made without prejudice unless the dismissal legally prejudices the defendant. *Ohlander v. Larson*, 114 F.3d 1531, 1536-37 (10th Cir. 1997), *cert. denied*, 118 S. Ct. 702 (1998). The Court looks at several factors in determining whether a defendant has been legally prejudiced by a voluntary dismissal: the effort and expense in preparing for trial, excessive delay and diligence by Plaintiff, insufficient explanation for the need to dismiss, and present stage of litigation. *Id*.

In this instance, Defendant spent approximately $6,500 in preparing for the arbitration proceedings and prepared a four-page preliminary position paper. Defendant, in effect, was ready to proceed with the arbitration hearing. Plaintiff, however, took almost a year to pay the $50 processing fee and decided to withdraw her arbitration case less than 50 days before the scheduled arbitration, more than a month after her preliminary position paper was due. Moreover, Plaintiff's suggestion that withdrawal of her arbitration case was necessary to keep attorney fees and costs down is suspect. First, Plaintiff could have proceeded *pro se* and Defendant would also have proceeded *pro se*. Second, Plaintiff could have taken advantage of the Dialogue Legal Consultation Plan, but did not. Third, proceeding to trial does not necessarily decrease one's attorney fees and costs when

compared to the swift and definite resolution of the case at an arbitration proceeding. Plaintiff also indicates that she withdrew her arbitration case because she wanted a jury trial. This reason for bypassing the arbitration process is simply insufficient. I find that the above factors establish that Plaintiff legally prejudiced Defendant when she voluntarily withdrew her arbitration case. Consequently, I conclude that Plaintiff's decision to withdraw the arbitration case was one made with prejudice and therefore subject to *res judicata*. That being so, this cause should be dismissed with prejudice.

C.   **Enforcing the Arbitration Agreement**

Defendant argues in the alternative that this matter should be dismissed in order to allow the arbitration proceeding to go before the AAA as provided in the arbitration agreement. Plaintiff argues that she did not agree to abide by the arbitration agreement because she did not sign such an agreement, Defendant did not provide consideration, and Defendant nonetheless waived any right to arbitration by not contesting the withdrawal of the arbitration case until now. As a starting point, it is undisputed that there is a strong federal policy favoring arbitration. *Metz v. Merrill Lynch, Pierce, Fenner & Smith*, 39 F.3d 1482, 1488 (10th Cir. 1994). The Federal Arbitration Act (FAA) carries out that policy by providing federal courts with the authority to order arbitration when a party has "failed, neglected or refused to arbitrate despite having agreed to in writing." 9 U.S.C. § 4. The FAA "creates a presumption in favor of arbitrability and courts must resolve all doubts concerning the scope of arbitrable issues in favor of arbitration." *Shankle v. B-G Maintenance Mgt. of Colorado, Inc.*, 163 F.3d 1230, 1233 (10th Cir. 1999) (citation omitted). "[A]n arbitration agreement that prohibits use of the judicial forum as a means of resolving statutory claims must also provide for an

effective and accessible alternative forum." *Id*. at 1234. The court in *Ngheim v. NEC Electronic, Inc.*, 25 F.3d 1437, 1439 (9th Cir.), *cert. denied*, 513 U.S. 1044 (1994) held that an agreement to arbitrate can be implied from the conduct of the parties. The parties' intent controls whether there is an agreement to arbitrate. *Armijo v. Prudential Ins. Co. of America*, 72 F.3d 793, 797 (10th Cir. 1995).

In this case, Plaintiff initiated and actively pursued the arbitration process. *See Ngheim*, 25 F.3d at 1440 ("once a claimant submits to the authority of the arbitrator and pursues arbitration, he cannot suddenly change his mind and assert lack of authority"); *EEOC v. Frank's Nursery & Crafts, Inc.*, 1999 WL 235476 at *11 (6th Cir. 1999) (prospective agreement to arbitrate waives private cause of action). She did not complain that the $50 processing fee denied her an "accessible alternative forum." *See Howard v. Anderson*, 36 F. Supp.2d 183, 186 (S.D. N.Y. 1999) (processing fee of $500 not necessarily a barrier to the vindication of the plaintiff's statutory rights in arbitration process). Plaintiff also chose to retain and pay for counsel to participate in the arbitration proceeding. These actions by Plaintiff clearly establish that she agreed to be bound by the arbitration agreement. Although Plaintiff did not sign the arbitration agreement, the failure to sign the agreement does not invalidate the agreement. *See Ngheim*, 25 F.3d at 1439 (agreement to arbitrate need not be signed to be "in writing"). In addition, Defendant gave Plaintiff consideration for the mandatory arbitration in the form of the Dialogue Legal Consultation Plan. ¶ 15 of Plan. For the above reasons, I find that Plaintiff failed to overcome the presumption in favor of arbitration. Accordingly, the arbitration agreement is enforceable.

The next question is whether Defendant waived its right to arbitration by not contesting until now Plaintiff's withdrawal of the arbitration case. A party can in fact waive its right to arbitration.

*Metz*, 39 F.3d at 1489. Factors considered in whether a waiver of that right has occurred are as follows:

> (1) whether the party's actions are inconsistent with the right to arbitrate; (2) whether 'the litigation machinery has been substantially invoked' and the parties 'were well into preparation of a lawsuit' before the party notified the opposing party of an intent to arbitrate; (3) whether a party either requested arbitration enforcement close to the trial date or delayed for a long period before seeking a stay; (4) whether a defendant seeking arbitration filed a counterclaim without asking for a stay of the proceedings; (5) 'whether important intervening steps [e.g., taking advantage of judicial discovery procedures not available in arbitration] had taken place'; and (6) whether the delay 'affected, misled, or prejudiced' the opposing party.

*Id.* (quoting *Peterson v. Shearson/American Express, Inc.*, 849 F.2d 464, 467-68 (10th Cir. 1988)). The arbitration agreement in this case specifically states that "[i]nitiation of, participation in, or removal of a legal proceeding shall not constitute waiver of the right to proceed under these rules." ¶ 30(E) of the Rules. Moreover, no discovery has been conducted in this matter, Defendant has not filed any counterclaims, and no pretrial deadlines have been set. Basically, the complaint and this motion to dismiss have been filed in this federal lawsuit. This lawsuit had not progressed very far before Defendant made known its desire to continue with the arbitration proceedings. Furthermore, Defendant's delay in demanding arbitration has not "affected, misled, or prejudiced" Plaintiff in any significant way. Considering the above factors, I conclude that Defendant has not waived its right to arbitration under the arbitration agreement. Accordingly, the proper avenue for pursuing Plaintiff's claims lies with the AAA. In sum, I find that Defendant's Motion to Dismiss is well taken and should be granted.

Wherefore,

IT IS ORDERED that Defendant's Motion to Dismiss *(Doc. 6)* is **granted** and this cause dismissed with prejudice.

DATED this 9th day of June, 1999.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| For Plaintiff: | Steven K. Sanders<br>Albuquerque, New Mexico |
| For Defendant: | Marte D. Lightstone<br>Virginia Anderman<br>Miller, Stratvert & Torgerson, P.A.<br>Albuquerque, New Mexico<br><br>James T. McNutt<br>Scott, Hulse, Marshall, Feuille,<br> Finger & Thurmond, P.C.<br>El Paso, Texas |